UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RICHARD RASHAD JACKSON          CIVIL ACTION NO. 15-cv-1801

VERSUS                          JUDGE FOOTE

NETSPEND CORP., ET AL           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Richard Rashad Jackson ("Plaintiff") is a self-represented prisoner housed at the Bossier Minimum Security Facility. He filed this action against Netspend Corporation and LaKisha Taylor. His complaint is not entirely clear, but he appears to allege that he had an account with Netspend in which his Social Security benefits were deposited. The account was closed, but Netspend allowed Ms. Taylor, who Plaintiff describes as his sister and an "unauthorized individual," to withdraw funds from the account. Plaintiff alleges that Ms. Taylor "stole the funds" from the Netspend account, and Netspend refuses to communicate with Plaintiff about the matter despite telephone and letter communications. Plaintiff asks the court to order that $5,787 in missing funds be returned to his account, that he be awarded an additional sum of $15,000 for "releasing privileged information," and that criminal charges be brought. For the reasons that follow, it is recommend that Plaintiff's complaint be dismissed for lack of subject-matter jurisdiction.

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern

Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's complaint does not make clear which of those, if either, he relies upon. The court has carefully examined the complaint and determined, for the reasons that follow, that this court does not have subject-matter jurisdiction to hear Plaintiff's complaint.

Section 1332 requires complete diversity of citizenship, meaning the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). Plaintiff is presumably a citizen of Louisiana; he provides no contrary information. Accordingly, the court may not exercise diversity jurisdiction if any defendant is also a citizen of Louisiana. Plaintiff describes LaKisha Taylor as having an address in Shreveport, Louisiana, so it appears that she is a citizen of Louisiana and would destroy diversity. Section 1332 also requires that the amount in controversy exceed $75,000. Plaintiff's prayer for damages of less than $21,000 total is not sufficient.

The complaint also lacks a basis for the exercise of federal question jurisdiction under Section 1331. Jurisdiction is appropriate under that statute only when the complaint asserts

a claim that arises under federal law. A claim arises under federal law within the meaning of Section 1331 if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. Empire Healthchoice Assurance, Inc. v. McVeigh, 126 S.Ct. 2121 (2006). Plaintiff's claims appear to be for breach of contract or conversion of property. Such claims arise under state law rather than federal law. The fact that the converted funds in the account may have come from a federal source is not sufficient to make Plaintiff's claim for breach of contract or conversion arise under federal law. There is no federal question jurisdiction if the plaintiff pleads only state law causes of action. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008).

Plaintiff asks the court to commence criminal charges related to his allegations. The decision on whether to institute criminal charges belongs exclusively to the district attorney in state court or the U.S. Attorney in federal court. The court itself may not file charges, and requesting them does not give rise to a claim arising under federal law.

Plaintiff's complaint does not satisfy his obligation of presenting facts that permit this court to exercise subject-matter jurisdiction over his claims. The court has no choice but to dismiss Plaintiff's complaint. If Plaintiff wishes to pursue his claims, he will have to do so in a state court that has jurisdiction and is a proper venue.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of June, 2015.



Mark L. Hornsby
U.S. Magistrate Judge